# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re GAIL E. GROSS, ) | Chapter 7 Proceedings |
| ) | Case No. 2-04-21324-PHX-CGC |
| ) | |
| ) | UNDER ADVISEMENT DECISION |
| ) | RE: TRUSTEE'S MOTION TO SELL |
| **Debtor.** ) | |
| ) | |

In this case, Debtor Gail E. Gross ("Debtor") made a post-petition transfer of real property to her mother who thereafter used the property as collateral for a loan by Meridian Bank. At the time of Meridian's $740,000 loan, the property was appraised at $1.2 million; thus the loan to value ratio at the time of funding was approximately 62%. Some of the proceeds were used to pay off an existing lien of approximately $250,000 securing a debt obtained by Debtor pre-petition.

The market has not fared so well since then. The Trustee has obtained a buyer for $799,999, sought and obtained court approval of the sale, and asked that the proceeds be held in an interest bearing account pending a judicial determination of the validity of the Meridian lien. Meridian did not object to the sale but argued that the proceeds should be immediately paid to it to retire its loan in full. It argues that if such payment is delayed, continued interest accrual plus attorneys and other fees may leave it undersecured. The Trustee has stated that he will commence an avoidance action against Meridian on the theory that the transfer from Debtor to her mother may be avoided under Section 549 and therefore the mother could not have granted Meridian a lien on property she did not own. Meridian argues that it has a complete defense to such an action under Section 549(c), noting that the Trustee did not record a notice of bankruptcy with the county recorder.

The Court approved the sale and ordered the proceeds be held in an interest bearing account, noting however that it would consider the matter further in light of the arguments advanced by Meridian. At the hearing, the parties agreed that Meridian would be paid at least

the amount representing the pay-off of the pre-petition loan, as such amount would have been paid by the Trustee if the transfer to the mother had not occurred and the Meridian loan had not been made. This pay down will reduce the amount of interest accrual pending resolution of the avoidance action.

Meridian argues that *In re Wingo*, 89 B.R. 54 (9th Cir BAP 1988), stands for the proposition that the failure of the Trustee to record a notice of bankruptcy is conclusive on the issue of whether it qualifies as a protected bona fide purchaser under Section 549(c). This is incorrect; both *Wingo* and the statute make clear that if the Trustee had filed a notice of bankruptcy, Meridian could <u>not</u> be a BFP, but neither stands for the mirror image of that proposition – i.e., that Meridian <u>necessarily is</u> a BFP in the absence of a filing. That is a fact-intensive inquiry for which no record has yet been made.

Nevertheless, when asked at the hearing, the Trustee could not produce any evidence yet gathered to suggest that Meridian had actual **knowledge of the bankruptcy**. At best, the evidence available circumstantially suggested that Meridian should have been on notice that this was a **potentially troublesome loan**. Further, the Estate does have additional assets that have yet to be liquidated, including another piece of real property in Wickenburg transferred to the mother that, if recovered by the trustee, would return to the estate free and clear of liens.

The question thus presented is how to allocate the risk between the Trustee and Meridian. The Trustee could have definitively protected his position by filing the notice; for whatever reason, he chose not to do so. Further, the Trustee could eliminate the risk of accrual in excess of the proceeds received by paying over all or some of the remaining funds and rely instead on the collectibility of Meridian in the event the Trustee obtains the avoidance judgment. Instead, however, he has chosen to retain control of the funds, even though the interests of Meridian may thereby be harmed.

Under these circumstances, the Court concludes that Meridian is entitled to adequate protection and will order that Meridian receive a contingent lien interest in the proceeds of the sale of the Wickenburg property, if and when received, but only to the extent that the proceeds of the current sale are insufficient to pay its debt in full, including interest and reasonable attorneys

and other allowable fees. If the matter progresses to this point, the Trustee may object, if he so decides, to the amount of interest or fees claimed if there is a good faith basis to do so and the Court will resolve the issue. The parties are to consult to arrive at a mutually agreeable form of order consistent with this decision.

So ordered.

**DATED: June 13, 2007**

/s/ Charles G. Case II
CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

Gail E. Gross
Az. State Prison - Perryville
ADC# 203238
Unit 1 San Pedro #10-D267
Goodyear, Arizona 85338
Debtor

Allan D. Newdelman
Allan D. Newdelman P.C.
80 E. Columbus Ave.
Phoenix, Arizona 85012
Attorney for Debtor

Brian J. Mullen
P.O. Box 32247
Phoenix, Arizona 85064
Trustee

Terry A. Dake
Terry A. Dake, Ltd.
11811 N. Tatum Blvd., Suite 3031
Phoenix, Arizona 85028-1621
Attorney for Trustee Mullen

Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003

1  _____

4